

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00096-CR

DERRICK MASSEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
## TRIAL COURT NO. F-2014-1164-B

----------

## MEMORANDUM OPINION[1]

----------

Appellant Derrick Massey appeals his third-degree felony conviction and forty-five year sentence for driving while intoxicated (DWI).[2] We affirm.

A grand jury indicted appellant with committing DWI, and the indictment alleged, for jurisdictional and enhancement purposes, that he had four prior

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2) (West Supp. 2016).

convictions for that offense, including two felonies.[3]  Appellant retained counsel. At trial, he pled not guilty but pled true to the jurisdictional allegations that he had been convicted of two prior DWIs.  After receiving the parties' evidence and arguments, a jury deliberated for less than an hour and found appellant guilty. Appellant chose the trial court to decide his punishment, and he pled true to the indictment's felony enhancement paragraphs.  After receiving more evidence and arguments, the trial court sentenced appellant to forty-five years' confinement. The trial court appointed counsel to represent appellant on appeal, and he brought this appeal.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that there are "no non-frivolous grounds for appeal."  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*).  We gave appellant an opportunity to file a pro se response to counsel's brief, and he did so.  The State has not filed a brief.

---

[3]Two of appellant's prior DWI convictions served to qualify this offense as a third-degree felony, and his two prior DWI felony convictions raised his punishment range for this offense to a minimum of twenty-five years' confinement.  *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2016), § 49.09(b)(2).

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se response. We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 30, 2017

3